UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00184-TBR

DAMIEN A. SUBLETT                                                           PLAINTIFF

v.

HENSON, *et al*.                                                           DEFENDANTS

## MEMORANDUM OPINION & ORDER

Before the Court is Sublett's Motion to Reconsider, DN 122. Defendants did not respond. The motion is ripe for adjudication, and the motion is **denied**.

### I.    Background

In November 2016, Sublett instituted this action to address incidents that allegedly occurred while he was incarcerated at the Kentucky State Penitentiary. After its initial screening, the Court allowed three First Amendment claims and one Eighth Amendment claim to proceed. [DN 20]. While the Defendants' second motion for summary judgment was pending, the Court discovered inconsistencies within documents filed by Sublett. The Court then ordered Defendants to obtain and file with the Court certified copies of the documents in question so that the Court could determine their authenticity. [DN 93].

On November 15, 2019, Defendants complied with the order and explained, "[b]ased on the attached documentation, it is obvious that the documents Plaintiff Sublett attached to [his] response to Defendants' Motion for Summary Judgement (DN 89-1, pages 1-2, Page ID#: 973-978) were altered by the Plaintiff." [DN 94]. Three days later, Defendants filed a Motion for Sanctions. [DN 95]. In the Motion for Sanctions, Defendants alleged that Sublett forged, altered, or otherwise misrepresented documents to the Court under oath. As sanctions, the Defendants requested the Court to dismiss Sublett's claims with prejudice and to enter an order barring Sublett

1

from proceeding in future cases in federal court without prepayment of filing fees. Sublett denied the allegations, accused Defendants of altering documents, and blamed others for the inconsistencies in his documents.

The Court held an evidentiary hearing in this matter on February 10, 2020. At the hearing, Defendants called Roger Mitchell, Josh Patton, Skyla Grief, Dan Smith, and Randy White as witnesses. Defendants also introduced seven exhibits into evidence. Sublett did not call witnesses or introduce exhibits but he did cross examine most of Defendants' witnesses. At the conclusion of the hearing, the Court instructed the parties that further briefing was unnecessary. At his request, however, the Court heard Sublett's oral argument on the matter.

Based on evidence presented by Defendants at the hearing, the Court found that Sublett forged and altered grievance documents and submitted them to the Court. Because of Sublett's history of frivolous litigation and misrepresentation of facts, the Court determined it was necessary to take protective actions to protect the proper and expeditious administration of justice. Accordingly, the Court contemporaneously entered a Memorandum Opinion and an Order and Judgment dismissing the case with prejudice and imposing a permanent injunction preventing Sublett from proceeding in forma pauperis in this Court and from filing any new complaint or removal petition without first obtaining approval from the Court. [DN 120; 121].

Before the Court now is Sublett's Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59 "and any and all uncited authority." [DN 122 at 1]. Sublett sets out the following arguments in his motion to reconsider: (1) the Court applied the wrong standard of review, or wrongly failed to apply any standard; (2) the Court erred in failing to conduct a prime facie review, in conducting a full evidentiary hearing on authenticity, and in denying Sublett the right to allow the jury to be the factfinder as to the dispute of authenticity; (3) the Court erred in dismissing the

2

retaliation claim(s) against Webber, Henson, and Crick because there was no question regarding the authenticity of the documents pertaining thereto. *Id.* at 4-9. For the reasons set forth below, the Court declines to alter or amend its judgment.

## II.   Standards

"The Court may construe [a] motion to reconsider as brought under Federal Rule of Civil Procedure 59(e) or 60(b)." *Churchill v. Nowicki*, No. 3:20-CV-11-RGJ, 2021 WL 428842, at *1 (W.D. Ky. Feb. 8, 2021). "The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Motions for reconsideration are often treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), if filed within 28 days after the entry of judgment." *Sherrod v. Wal-Mart Stores, Inc.*, No. 3:14-cv-454, 2021 WL 534613, *4 (S.D. Ohio Feb. 12, 2021); *McDonald v. Lasslett*, No. 18-2435, 2019 WL 2592572, *1 (6th Cir. May 28, 2019) (citing *In re Greektown Holdings*, LLC, 728 F.3d 567, 574 (6th Cir. 2013)) ("The Federal Rules of Civil Procedure do not provide for a 'motion for reconsideration' so courts often construe those filings as Rule 59(e) motions when they are filed within twenty-eight days of judgment, or, if filed later, Rule 60(b) motions."). Because Sublett cites Federal Rule of Civil Procedure 59 as authority for his motion, and because he filed the motion twelve days after the Court issued its judgment, the Court exercises its discretion to construe Sublett's motion to reconsider as a motion for relief under Federal Rule of Civil Procedure 59(e). *See Harrison v. Crick*, No. 5:19-CV-P75-TBR, 2020 WL 544701, at *1 (W.D. Ky. Feb. 3, 2020) ("Because Plaintiff's motion to reconsider was brought within 28 days of entry of the final Order in this case, the Court considers it to be one brought under Fed. R. Civ. P. 59(e)."); *see also American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. App'x 668, 672 (6th Cir. 2018) (finding no abuse of discretion by district court in

3

construing motion to reconsider as a motion under Rule 59(e) rather than Rule 60(b) where motion was made within ten days of entry of the final judgment).

"Rule 59(e) allows a litigant to file a 'motion to alter or amend a judgment.'" *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* (citation omitted). "For a district court to grant relief under Rule 59(e), 'there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Hunter v. United States*, No. 20-3182, 2020 WL 4805493, at *3 (6th Cir. Aug. 10, 2020) (quoting *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009)) (internal quotation marks omitted). "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Id.* (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). "Nor are Rule 59(e) motions appropriate 'to advance positions that could have been argued earlier, but were not.'" *Id.* (quoting *Gulley v. County of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012)). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S.Ct. at 1703.

## III.   Discussion

The first argument Sublett offers is that the Court applied the wrong standard of review, or wrongly failed to apply any standard of review. [DN 122 at 4]. Sublett states:

> "[T]here is no dispute that the question of authenticity arose during the court review of defendant's motion for Summary Judgment (DN 86) and (DN 93); Pursuant to Federal [Rule] of Civil [Procedure] 56, these document did not accompany an affidavit of Authenticity as such these documents should have been omitted as evidence in opposition. Fed. R. Civ. P. 56(c)."

*Id.* It is not entirely clear to the Court what Sublett is arguing. The Court interprets Sublett as arguing that Defendants' factual positions in their motion for summary judgment (DN 86) were

not properly supported as required by Federal Rule of Civil Procedure 56(c),[1] and that the Court failed to properly review this issue. Thus, the Court construes this argument as alleging the Court committed a clear error of law.

The Court will not alter or amend its judgment on this basis, because there was no clear error of law. Sublett claims the Court erred according to the standards used in evaluating a motion for summary judgment under Federal Rule of Civil Procedure 56(c). However, Sublett's action was not dismissed on the Defendants' summary judgment motion; it was dismissed as a sanction for Sublett's improper conduct before this Court and others. [DN 120]. Therefore, the Court did not address the merits of Defendants' summary judgment motion (DN 86) and did not commit a clear error of law pursuant to the standards of Rule 56. Therefore, Sublett's first argument does not establish that the Court should alter or amend its judgment.

Next, Sublett argues that "[t]he Court erred by failing to conduct a Prima facie review and conducting a full evidentiary hearing on Authenticity and further denied Sublett the right to allow the Jury to be the Fact finder, as to the dispute of Authenticity." [DN 122 at 4]. Sublett states:

> (A) The Court erred via placing the burden on the defendant as opposed the Sublett with a Prima facie showing.
> (B) Sublett response of Authenticity was sufficient for the Court to make a Prima face [showing].
> (C) [T]he Court should not have held a full hearing on authenticity on March 10, 2020.
> (D) The Court further erred in Sublett's  case by [making] a dispositive [judgment] on the question of Authenticity.
> (E) [T]he Court denied and erred via not submitting the Evidence in question to the ultimate fact finder, the Jury on the question of authenticity.

[DN 122 at 6]. Again here, the Court interprets Sublett's arguments as alleging clear errors of law. The Court finds no clear error of law as to these arguments, either.

---

[1] "Federal Rule of Civil Procedure 56(c) sets forth the basic requirements that parties must follow in citing facts both to support and oppose motions for summary judgment." *Ramirez v. Michael Cetta Inc.*, No. 19-CV-986, 2020 WL 5819551, *4 (S.D. NY Sep. 30, 2020) (citing Fed. R. Civ. P. 56(c)).

Sublett cites to the rules on authentication in the Federal Rules of Evidence to support his arguments. First, Sublett cites to Rule 901(a): "To establish that evidence is authentic, a proponent need only present evidence sufficient to support a finding that the matter in question is what the proponent claims. Fed. R. Evid. 901(a)." [DN 122 a 6]. Sublett further argues, "[t]he District court's role is to serve as a gate keeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." *Id.* (citing *United States v. Branch*, 970 F.2d 1368, 1371 (4th Cir. 1992); *United States v. Safavian*, 435 F. Supp.2d 36, 38 (D.D.C. 2006)). Sublett also argues:

> The burden to authenticate under Rule 901 is not high – only a prima facie showing is required. see United States v. Caldwell, 776 F.2d 989, 1002 (11th Cir. 1985)" once that prima facie showing has been made, the evidence should be admitted although it remains for the trier of fact to appraise whether the proffered is in fact what it purports to be", United States v. Goicham, 547 F.2d 778, 784 (3ird Cir. 1976)" There need only be a prima facie showing, to the Court of authenticity not a full argument on admissibility", see also Weinsteins Federal Evidence 901, 02 (2008) Generally speaking the proponent of a proffered exhibit need only take a prima facie showing that the exhibit is what the proponent claim it to be").

Sublett's arguments and the law he cites do not apply here, at least not in the manner Sublett contends they do. The issue facing the Court at the evidentiary hearing held on February 10, 2020 was whether to sanction Sublett for committing fraud on the Court and for other sanctionable behavior—not whether the documents suspected to be fraudulent should be admitted at trial. Although the authenticity of documents Sublett had submitted to the Court was at issue, the purpose of examining their authenticity was to evaluate the evidence that Sublett had committed sanctionable offenses including forgery and fabrication of documents. [DN 93; DN 99; DN 111; DN 120 at 6-10]. This action never reached the stage at which pretrial evidentiary motions, such as motions in limine, would be entertained. The rules and standards Sublett cites relate to

admissibility of nontestimonial evidence,[2] and this action was dismissed due to Sublett's sanctionable behavior before the Court reached a stage at which it might decide issues of admissibility of documents for trial. To the extent the authentication rules apply to the admission of nontestimonial evidence at court proceedings other than trial, Sublett does not argue that the Court erred in failing to admit any proffered exhibits at the evidentiary hearing. In fact, Sublett offered no documents as exhibits during the February 10, 2020 evidentiary hearing. [*See* DN 117, Official Transcript of Evidentiary Hearing]; [*see also* DN 119, Exhibit Inventory].

In sum, Sublett's arguments on this point fail to show that the Court should alter or amend its judgment. There was no prima facie showing to make, as Sublett argues, because admissibility was not at issue—sanctions were at issue. Further, the Court did not hold "a full evidentiary hearing on authenticity." It held an evidentiary hearing on whether Sublett had committed sanctionable conduct. Lastly, the Court did not err in making a dispositive judgment on authenticity or in failing to submit evidence in question to the jury because the case was dismissed on grounds apart from the merits before the action reached trial or pretrial evidentiary motions.

Finally, Sublett argues, "[t]here was no question of authenticity with regards to Sublett['s] claim of retaliation against Webber, Henson and Crick as these claims should not have be[en] dismissed." [DN 122 at 6]. Sublett argues that because the authenticity of documents that relate to his First Amendment claim against Webber, Henson, and Crick was not in question, the Court should not have dismissed all of Sublett's claims, and instead, should have allowed the claim or claims not tainted by fraud to proceed. *Id.* at 6-9. The Court interprets this argument as alleging

---

[2] "The requirement that a party offering an item of nontestimonial evidence prove that the item is what he claims it to be is, in Wigmore's words, 'not any artificial principle of evidence, but an inherent logical necessity.' Accordingly, authentication has been a condition precedent to admissibility since ancient times." 31 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence §7101 (1st ed. 2020).

the Court should alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e) to "prevent manifest injustice." The Court declines to do so.

The Court carefully considered the sanctions it chose to impose on Sublett, including dismissal of Sublett's claims with prejudice. [DN 120 at 11-16]. As the Court previously stated, "[i]t is impossible to determine the degree to which Sublett's forged documents have tainted this litigation and to proceed further would be a miscarriage of justice . . . Sublett's submission of forged documents in this case merits dismissal." *Id.* at 16. Federal district courts have the inherent power to fashion appropriate sanctions for abuse of the judicial process—including where the party commits fraud on the court—and those sanctions may include dismissal of the party's action. *Murray v. City of Columbus, Ohio*, 534 F. App'x 479, 484 (6th Cir. 2013) (citations omitted). The Court finds no manifest injustice in dismissing Sublett's action for the sanctionable conduct he engaged in before this Court. Thus, the judgment will not be altered or amended on that basis.

## IV.    Conclusion

The Court finds no clear error of law, newly discovered evidence, intervening change in controlling law, or need to prevent manifest injustice that would warrant altering or amending the judgment. Accordingly, Sublett's Motion to Reconsider, DN 122, construed as a motion to alter or amend under Federal Rule of Civil Procedure 59(e), is **DENIED**. **IT IS SO ORDERED**.

cc: counsel
Damien A. Sublett
134575
LEE ADJUSTMENT CENTER
WN207
Inmate Mail
168 Lee Adjustment Center Drive
Beattyville, KY 41311
PRO SE

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 11, 2021

8